# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | No. BPG-19-3492 |
| v. | * | |
| I. LOSCH INC., et al., | * | |
| | * | |
| Defendants. | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

In an Order dated September 22, 2022, this court granted plaintiffs' Motion for Summary Judgment and awarded plaintiffs statutory damages in the form of unpaid withdrawal liability, liquidated damages, and interest.  (ECF No. 85).  The court further directed the parties to file supplemental briefing on the issue of attorneys' fees and costs.  (Id.)  Currently pending before the court are plaintiffs' Motion for Attorneys' Fees and Costs ("plaintiffs' Motion") (ECF No. 86), defendants' Response to Plaintiffs' Motion for Attorneys' Fees and Costs ("defendants' Response") (ECF No. 87), and plaintiffs' Reply in Support of Their Motion for Attorneys' Fees and Costs ("plaintiffs' Reply") (ECF No. 89).  The issues are fully briefed, and no hearing is necessary.  Loc. R. 105.6.  For the reasons stated below, plaintiffs' Motion is granted in part and denied in part.

## I.    BACKGROUND

The facts and procedural history of this case are set forth in the court's Memorandum Opinion in International Painters and Allied Trades Industry Pension Fund v. I. Losch, Inc., No. BPG-19-3492, 2022 WL 4386232 (D. Md. Sept. 22, 2022) (ECF No. 84).  Briefly, plaintiffs filed this Employee Retirement Income Security Act ("ERISA") action to collect withdrawal liability

payments, liquidated damages, and interest as a result of defendants' cessation of payments into the International Painters and Allied Trades Industry Pension Fund.  On September 22, 2022, the court granted plaintiffs' Motion for Summary Judgment and awarded plaintiffs $124,148.00 in withdrawal liability, $12,0001.02 in interest,[1] and $24,829.60 in liquidated damages.  In the court's accompanying Order, the parties were directed to file supplemental briefing on the issue of attorneys' fees and costs.  (ECF No. 85).

## II.     DISCUSSION

Plaintiffs request $118,333.50 in attorneys' fees and $5,346.23 in costs pursuant to 29 U.S.C. § 1145, as the prevailing party in this case.  (ECF No. 89).[2]  ERISA "mandates an award of reasonable attorneys' fees when, as here, a fund prevails in an action for unpaid contributions pursuant to 29 U.S.C. § 1145."  Int'l Painters & Allied Trades Indus. Pension Fund v. Madison Coatings Co., Inc., No. SAG-17-1559, 2019 WL 5625759, at *5 (D. Md. Oct. 31, 2019) (citations omitted).  To calculate the appropriate award of attorneys' fees, the court "must first determine the lodestar amount" defined as a "reasonable hourly rate multiplied by hours reasonably expended."  Id. (quoting Grissom v. The Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008)).  Once the court arrives at the lodestar amount, a reasonable fee is determined by "assessing whether the hours worked were reasonable or whether the request includes hours that were unnecessary or duplicative."  Id.  This court uses the factors articulated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) and adopted by the Fourth Circuit in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978) in evaluating both the lodestar calculations and

---

[1] The court's award of interest included only that interest owed through November 25, 2021.  Plaintiffs are entitled to additional interest at the same rate from November 15, 2021, through the date of judgment.
[2] Plaintiffs initially requested $107,373.00 in attorneys' fees and $5,346.23 in costs in their Motion for Attorneys' Fees and Costs. (ECF No. 86).  The updated number reflects additional fees incurred to address defendants' Motion to Alter or Amend (ECF No. 88) and to prepare the supplemental briefing on attorneys' fees requested by the court.  (ECF No. 89).  The request for costs is unchanged.  (Id.)

the overall reasonableness of the fee.  <u>See</u> <u>Madison Coatings Co., Inc.</u>, 2019 WL 5625759, at

*5.  Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>Barber</u>, 577 F.2d at 226-27.  The court's conclusion on the reasonableness of the attorneys' fees is made "by assessing the attorney's experience and skill, and comparing his rate to the rates charged by lawyers of reasonably comparable skill, experience, and reputation."  <u>Flores v. Life Ins. Co. of N. Am.</u>, 770 F. Supp. 2d 768, 776 (D. Md. 2011) (citation omitted).  Plaintiffs provided numerous pages of entries detailing the time spent and costs incurred by counsel, which the court has reviewed.  (ECF Nos. 86-3, 86-5, 89-2).  Based upon that information and a consideration of the relevant factors, the court concludes that, with some modest reductions, plaintiffs' fee request is reasonable.

As to the first factor, plaintiffs' counsel litigated this case for close to three years.  Jennings Sigmond, P.C. served as plaintiffs' counsel for the majority of that time and was responsible for filing the Complaint, engaging in discovery, and filing plaintiffs' Motion for Summary Judgment.  While the court understands the time necessary to robustly litigate a case, particularly in such a complex area of the law, some of the hours billed by Jennings Sigmond appear to be unnecessary or duplicative, and, therefore, reductions are required.  The court can discern, and plaintiffs articulate, no reason to award plaintiffs' counsel fees for work performed after counsel from Jennings Sigmond filed their Response to defendants' Amended Motion for Summary Judgment and Reply on January 6, 2022 (ECF No. 73), at which point those attorneys made no

further filings on plaintiffs' behalf, and it does not appear that any research or work performed in the case was incorporated into any filings.  Accordingly, the total amount of the award is reduced by $495.00.  As to the time and labor expended by Tucker Arensberg, the itemization shows that the 114.7 hours billed were spent on supplemental briefing to address issues in the parties' summary judgment motions, supplemental briefing on the issue of attorneys' fees, and plaintiffs' response to defendants' Motion to Alter or Amend.  (ECF No. 86-2, 89-1).  The court declines to award plaintiffs' counsel, without any argument or information from plaintiffs, the fees incurred by counsel at Tucker Arensberg in becoming familiar with the case.  That time, 2.1 hours billed by Ms. Nandan at a rate of $350 per hour, 1.5 hours billed by Mr. Tucker at a rate of $350, and 4 hours billed by Mr. Pepicelli at a rate of $310, amounts to a total of $2,500.00.  (ECF No. 86-3).

The court examines the second and third factors together as they require similar considerations.  This is an ERISA case, a particularly specialized and complex area of the law, which requires a high level of legal skill to perform properly.  Specifically, this case required argument on whether one or both spouses must satisfy the requirements of the spousal attribution exception, a question which defendants identified as one of first impression.  (ECF No. 94).  This difficult question, against the backdrop of a constantly evolving area of law, typifies the level of skill needed to successfully litigate an ERISA action.  The court notes, however, that supplemental briefing was needed to clarify several issues raised in plaintiffs' Motion for Summary Judgment, because plaintiffs' Motion did not fully address the issues or provide case law pertinent to the court's decision.  (ECF No. 78).  The court finds that the fourth factor, whether the attorneys' work on this case precluded their work on other matters, is not pertinent here.

As to the fifth factor, defendants argue that plaintiffs failed to submit evidence of the customary fee for like work.  (ECF No. 87 at 3).  Specifically, defendants take issue with plaintiffs'

failure to provide affidavits from "'local lawyers who are familiar with both the skills of the fee applicants and more generally with the type of work in the relevant community.'" (Id. (citing Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 245 (4th Cir. 2009)).  Defendants argue that this information is necessary to determine whether the award of attorneys' fees should be reduced.  (Id.)  No case or statute, however, requires plaintiffs to produce affidavits from other attorneys regarding the amount charged in similar cases.  The court examines whether plaintiffs' counsel charged a reasonable fee by reference to the "Guideline for Hourly Rates" contained in Appendix B of the Local Rules, which provides "presumptively reasonable" rates.  See Madison Coatings Co., Inc., 2019 WL 5625759, at *6.  Plaintiffs request $118,333.50 in attorneys' fees.  (ECF No. 89).  Of that amount, $87,951.00 can be attributed to Jennings Sigmond, P.C., the firm that previously represented plaintiffs.  (ECF No. 86-4).  Jennings Sigmond billed an hourly rate of $120 for each of their four paralegals, and a composite hourly rate of $375 for each of seven attorneys who worked on this case.  (ECF No. 86-5).  As to the fees charged for work done by paralegals, the guideline provides that a reasonable rate for work performed by paralegals ranges from $95 to $150 per hour.  Loc. R. App'x B.3(f).  The rate charged by Jennings Sigmond, $120 per hour, falls within the range deemed presumptively reasonable in the court's local rules, and, therefore, will be awarded.

With respect to the fees charged by the seven Jennings Sigmond attorneys, the court more closely examines the reasonableness of the blended hourly rate.  Of the seven attorneys with hours billed in this case, the information provided by plaintiffs indicates that five of the attorneys had at least 19 years of experience.  (ECF No. 68-5).  The reasonable rate for an attorney who has 15 to 19 years of experience is $275 to $425 per hour.  Loc. R. App'x B(3)(d).  For those five attorneys with at least 19 years of experience, the blended hourly rate of $375 per hour is reasonable.  The

vast majority of the hours billed, close to 70%, were billed by Richard J. De Fortuna, who has over 20 years of experience.  (ECF No. 68-8).  The guideline for attorneys with more than 20 years of experience listed in the Local Rules is $300 to $475.  Jennings Sigmond's blended hourly rate of $375, is, therefore, reasonable with regard to Mr. De Fortuna.  The two attorneys for whom no information was provided, JEG and SJH,[3] worked 1.5 and 1.2 hours on the case, respectively.  (ECF No. 86-5). Plaintiffs have failed to provide any support for the $375 rate with regard to work performed by these two attorneys.  The court acknowledges, however, that these attorneys performed work in this case and will award plaintiffs' counsel, at a lower rate, for the fees incurred.  Accordingly, the court will assign these attorneys a rate of $150 per hour, the lowest rate for attorneys who have been admitted to the bar for less than five years.  See Loc. R. App'x B(3)(a).  The overall award of fees is, therefore, reduced by $607.50.

In August of 2022, plaintiffs retained new counsel, Tucker Arensberg, P.C.  (ECF No. 81).  Tucker Arensberg's fees account for $30,382.50 of the total fee request.  (ECF Nos. 86-2 at 6, 89-1 at 2).  Tucker Arensberg does not bill an equal hourly rate for each of its attorneys.  Instead, it bills at a rate determined by the experience and qualifications of its attorneys and paralegals.  As to the fees charged for work done by paralegals, Tucker Arensberg charges a rate of $175, a fee in excess of that found in the guideline.  Plaintiffs' counsel failed to articulate any reason why the court should award a rate higher than the guideline.  In considering a motion for attorneys' fees, the burden rests with the fee applicant to establish the reasonableness of the requested hourly rate.  CoStar Group., Inc., et al. v. Loopnet, Inc., 106 F.Supp.2d 780, 787 (D.Md 2000).  To

---

[3] Mr. De Fortuna provided information about Maureen W. Marra and Michael J. DelTergo's work experience and qualifications in his affidavit submitted with plaintiffs' initial request for attorney's fees in their Motion for Summary Judgment.  (ECF No. 68-8).  Ms. Marra and Mr. DelTergo do not appear, however, to have billed any hours in this case based upon the billings attached to plaintiffs' filings.  (ECF No. 86-5).  Accordingly, the court will exclude these attorneys from its analysis.

"'inform and assist the court in the exercise of its discretion,' the fee applicant must produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 896 (1984). Neil Gregorio's affidavit states that both paralegals, Rachel M. Bergman and Lori Lynn Buckreis have more than 20 years of experience. (ECF No. 86-2 at 5). As such, the court finds it reasonable to award fees for the work performed by these paralegals at the highest rate provided in the guidelines. Accordingly, the paralegals' rate is reduced to $150 per hour, and, therefore, the overall award is reduced by $939.70.

With respect to the fees charged by the six Tucker Arensberg attorneys who performed work in this case, each charged an appropriate rate, given his or her experience and qualifications. The hourly rates charged by plaintiffs' counsel, set forth in plaintiffs' filings (ECF Nos., 86-2, 89-1), are as follows:

| | |
|---|---|
| Brian A. Pepicelli | $310.00 |
| Patrick J. Kukalis | $205.00 |
| Richard B. Tucker | $350.00 |
| Kathleen A. Nandan | $350.00 |
| Neil J. Gregorio | $310.00 |
| J. Andrew Salemme | $205.00 |

Brian A. Pepicelli, the attorney who performed the majority of the work in this case, accounting for almost half (46.5%) of the total hours billed or 53.4 hours, has 9 years of experience. (<u>Id.</u>) Mr. Pepicelli's rate is $310 per hour. (<u>Id.</u>) The range guideline for an attorney with nine to 14 years of experience is $225-350. Loc. R. App'x B(3)(c). The next highest number of hours, 26.3 hours, were billed by Patrick J. Kukalis, who has only one year of experience. (ECF

No. 89-1).  The reasonable rate for an attorney with less than five years of experience is $150-225.  Mr. Kukalis charges a rate of $205.  The remaining attorneys, who each billed less than 10 hours in this case, also charged rates commensurate with their experience.  (ECF Nos. 86-2, 89-1).  In sum, the hourly rates charged for the above six attorneys is reasonable. The sixth and seventh factors are not pertinent here as the court concludes that whether the fee was fixed or contingent has no significant bearing on the fee analysis in this case, and there does not appear to have been time limitations imposed by the clients or the circumstances.

As to the eighth factor, plaintiffs' request is reasonable given "the amount involved and the results obtained."  The results obtained by plaintiffs in their successful Motion for Summary Judgment reflects the entirety of the relief sought.  Defendants argue, incorrectly, that "the overall amount of attorneys' fees should be reduced partially because it exceeds the amount in controversy."  (ECF No. 87 at 4).  Plaintiffs request, however,  does not exceed the amount in controversy  Further, there is no proportionality requirement in ERISA cases and the court has consistently awarded fees nearing or exceeding the amount in controversy.  See Int'l Painters & Allied Trades Indus. Pension Fund v. HG Professional Painting, Inc., No. WDQ-11-172, 2011 WL 3744123, at *8 (D. Md Aug. 23, 2011) ("Neither the Supreme Court nor the Court of Appeals for the Fourth Circuit have addressed whether 'reasonableness' incorporates a requirement that the fee award be proportional to the damages awarded to the prevailing party, but several Courts of Appeal have found that it does not.") (citations omitted).

As to the ninth factor, "the experience, reputation, and ability" of the attorneys, the court notes that plaintiffs' counsel from both firms are highly experienced attorneys who demonstrated skill in the preparation of plaintiffs' case.[4]  As to the twelfth factor, the court has awarded similar

---

[4] As to the tenth and eleventh factors, the court concludes that there was nothing particularly "undesirable" about the case such that this factor has no significant bearing on the fee analysis and, although plaintiffs had an established

fees in comparable, fully litigated, ERISA cases.  See, e.g., Madison Coatings Co., Inc., 2019 WL 56255759, at *6 (granting plaintiffs' counsel an attorneys' fee award of $76,986.00); Maryland Elec. Indus. Health Fund v. MESCO, Inc., No. ELH-12-505, 2014 WL 4660813 (D. Md. Sept. 16, 2014) (granting plaintiffs' counsel an attorneys' fee award of $123,362.97); Kinsinger v. SmartCore, LLC, No. FDW-17-643, 2020 WL 2926476, at *7 (W.D. N.C. June 3, 2020) (granting plaintiff's counsel an attorneys' fee award of $334,407.00).

Additionally, plaintiffs request costs in the amount of $5,346.23 for computer research, deposition transcripts, deliveries, and postage charges.  (ECF No. 86-5 at 14).  These costs are reasonable charges for out-of-pocket expenses incurred by attorneys in the representation of their clients, and, therefore, they will be awarded.  See Loc. R. App'x B(4)(a) ("Generally, reasonable out-of-pocket expenses . . . are compensable at actual cost").  In sum, the court concludes that modest reductions are necessary and plaintiffs' request for attorneys' fees should be reduced as follows:

| | |
|---|---|
| $495.00 | Hours billed by Jennings Sigmond after its representation of plaintiffs had effectively ended |
| $2,500.00 | Hours billed resulting from the transfer of the case from Jennings Sigmond to Tucker Arensberg |
| $607.50 | Unsupported hourly rate charged for work performed by attorneys for whom no qualifications were provided by plaintiffs |
| $939.70 | Excessive hourly rate charged for work performed by paralegals above the guidelines without sufficient support by plaintiffs |

The total reduction for fees the court concludes were either duplicative or unsupported is $4,542.20.  Accordingly, plaintiffs' reasonable request totals $113,791.30 in fees and $5,346.23 in costs.

relationship with Jennings Sigmond, that relationship does not appear to have affected the calculation of fees in this case.

IV.    **<u>CONCLUSION</u>**

For the foregoing reasons, plaintiffs' Motion is granted in part and denied in part.  Plaintiffs are awarded $113,791.30 in fees and $5,346.23 in costs.  A separate order will be issued.


Date: January 3, 2023                                          /s/
_____
                                                                             Beth P. Gesner
                                                                             Chief United States Magistrate Judge