IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY PENSION
FUND, et al.
      Plaintiffs,     *     Civ. No. BPG-19-3492

v.

I. LOSCH, INC., et al.
      Defendants.

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Currently pending before the court are defendants' Motion to Alter or Amend Judgment ("defendants' Motion") (ECF No. 88), plaintiffs' Opposition to Defendants' Motion to Alter or Amend Judgment ("plaintiffs' Response") (ECF No. 90), and defendants' Reply to Plaintiff's Opposition to Motion to Alter or Amend Judgment ("defendants' Reply") (ECF No. 94). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, defendants' Motion (ECF No. 88) is denied.

### I.     BACKGROUND

The facts and procedural history of this case are set forth in International Painters and Allied Trades Industry Pension Fund v. I. Losch, Inc., No. BPG-19-3492, 2022 WL 4386232 (D. Md. Sept. 22, 2022) (ECF No. 84). Briefly, plaintiffs filed this Employee Retirement Income Security Act ("ERISA") action to collect withdrawal liability payments, liquidated damages, and interest as a result of defendants' cessation of payments into the International Painters and Allied Trades Industry Pension Fund. On September 22, 2022, the court granted plaintiffs' Motion for Summary Judgment and awarded plaintiffs $124,148 in withdrawal liability, $12,0001.02 in

interest,[1] and $24,829.60 in liquidated damages.  On October 20, 2022, defendants filed a Motion to Alter or Amend the court's Judgment, arguing that the court erred in attributing liability to defendant Hy Pressure.  (ECF No. 88)  Specifically, defendants argue that Harry Yohn satisfied all of the requirements of the spousal attribution exception and, therefore, is not a member of the control group liable for withdrawal payments.  (ECF No. 88-1 at 3).

II.     **DISCUSSION**

Federal Rule of Civil Procedure 59(e) "authorizes a district court to alter, amend, or vacate a prior judgment."  Smith v. Maryland,  No. RDB-17-3051, 2020 WL 128670, at *2 (D. Md. Jan. 10, 2020).  A final judgment may be amended, however, in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Id. (citations omitted).  The challenging party faces a high bar to succeed on a Motion to Alter or Amend.  Indeed, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  Further, the court has "considerable discretion in deciding whether to modify or amend a judgment."  Fleming v. Maryland Nat'l Capital Park & Planning Comm'n., No. DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012).  There has been no intervening change in controlling law since this court's Memorandum Opinion and Order dated September 22, 2022.  (ECF Nos. 84, 85).  Nor has any new evidence come to light in that time.  Accordingly, defendants must demonstrate that the court committed a clear error of law, or that manifest injustice stands to result from the court's judgment.  Defendants have failed to meet this high bar, and, therefore, defendants' Motion to Alter or Amend is denied.

---

[1] The court's award of interest included only that interest owed through November 25, 2021.  Plaintiffs are entitled to additional interest at the same rate from November 15, 2021 through the date of judgment.

Defendants first contend that it was a "manifest error of law" for the court to find that Harry Yohn failed to establish the requirements of the spousal attribution exception. (ECF No. 88-1 at 3). Specifically, defendants argue that the court's conclusion that defendants failed to show that Mr. Yohn was not a fiduciary of I. Losch Inc., Mr. Yohn's wife, Cheryl Yohn's, company, was clearly erroneous as a matter of law.[2] (Id.) Defendants address none of the court's other conclusions with regard to Mr. Yohn, namely "that Mr. Yohn satisfied the first, third, and fourth elements of the spousal attribution exception." (ECF No. 84 at 16). Additionally, defendants identify no error in the court's conclusion that Mrs. Yohn failed to meet the requirements of the spousal attribution exception. (Id. at 16-19). This court has repeatedly recognized that "[c]lear error or manifest injustice occurs where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Smith, 2020 WL 128670, at *2 (citing Wagner v. Warden, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016)). To that end, "mere disagreement with the Court's previous decision will not suffice." June v. Thomasson, No. GLR-14-2450, 2016 WL 7374432, at *2 (D. Md. Dec. 20, 2016). Plainly put, "the prior judgment cannot be 'just maybe or probably wrong; it must . . . strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" Id. (quoting Fontell v. Hassett, 891 F. Supp. 2d 739, 741 (D. Md. 2012)). Defendants' disagreement with this court's judgment does not rise to that level.

Defendants suggest that while the affidavits attached to their Supplemental Brief may not have explicitly provided that Mr. Yohn was not a fiduciary, "the Affidavits of Mr. Yohn and

---

[2] The relevant element of the spousal attribution exception, the second element, requires that "the individual is not a member of the board of directors, a fiduciary, or an employee of the organization and does not participate in the management of the organization at any time during the taxable year." 26 C.F.R. § 1.414(c)-4(b)(5)(ii). Defendants argue only that the court erred in concluding that Mr. Yohn had not proven that he was not a fiduciary of defendant I. Losch, Inc. (ECF No. 88-1 at 3).

3

Mrs. Yohn have implicitly demonstrated that Mr. Yohn cannot possibly be deemed a fiduciary of I. Losch." (ECF No. 94 at 6). Defendants' argument, however, restates many of the same facts the court thoroughly considered before making the judgment challenged in defendants' Motion. Mr. Yohn's affidavits state that he was not (1) employed by I. Losch, (2) involved in the hiring, promotion, or termination of an employee, (3) involved with the business, operations, or management of I. Losch; and had not (4) discussed wages, benefits, employee's conditions of employment, or negotiated labor agreements; or (5) contributed to the International Painters and Allied Trades Industry Pension Fund. (ECF No. 88-1 at 4). The court considered all of these facts in concluding that Mr. Yohn was not a member of the board of directors, an employee, and did not participate in the management of the organization. (ECF No. 84 at 16). What defendants failed to show in any of their filings, including the supplemental briefing ordered by the court, (ECF No. 83) and fail to show now, is any evidence that Mr. Yohn was not a fiduciary of I. Losch Inc. Notably, defendants do not contend that the court committed clear error in finding that it was defendants' burden to prove the application of the spousal attribution exception. (ECF No. 84 at 15 n.10). Defendants have not identified any clear legal error in the court's judgment. Rather, defendants merely disagree with the conclusion the court reached and ask the court to change its mind. Accordingly, defendant's Motion will be denied on this issue.

Defendants' second argument, that defendants HY Pressure and I. Losch Inc. are not under common control and therefore, HY Pressure is not jointly and severally liable, is premised on the court having committed legal error with regard to Mr. Yohn's satisfaction of all of the elements of the spousal attribution exception. (ECF No. 88-1 at 6-7). Defendants do not argue that the court erred with regard to its conclusion that Mrs. Yohn failed to satisfy the requirements of the spousal attribution exception, and, therefore, suggest that only one spouse must satisfy the spousal

attribution exception to preclude a finding of common control. Because the court finds neither clear error in the conclusion that Mr. Yohn did not satisfy the spousal attribution exception nor that its judgment would result in manifest injustice, the court need not consider defendants' second argument. The court does observe, however, that defendants' argument amounts to nothing more than a disagreement with the court's conclusion. (ECF No. 88-1 at 6-9). For a Motion to Alter or Amend to be granted, a remedy the courts have held "should be used sparingly" the court's previous judgment must be "dead wrong." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009). Defendants contend, not that the court was "dead wrong," but that the issue is one of first impression in this court, and the court should have held differently. (ECF No. 94 at 3-5). This is not the first time defendants articulated their position that only one spouse must satisfy the spousal attribution exception for common control to be defeated. In fact, the court discussed defendants' argument at some length in its memorandum opinion. (ECF No. 84 at 15, n.10). Defendants do not now suggest that the court misunderstood their argument. Rather, defendants argue that the court should have reached a different conclusion. This is not a basis upon which the court will alter its judgment. Accordingly, the court concludes that defendants have failed to meet their burden and, therefore, defendants' Motion is denied.

  III. CONCLUSION

For the foregoing reasons, defendants' Motion (ECF No. 88) is DENIED. A separate order will be issued.

Date: January 3, 2023            /s/
                     Beth P. Gesner
                     Chief United States Magistrate Judge